## In re GODWIN et al.

### (Circuit Court, S. D. New York. May 11, 1891.)

CUSTOMS DUTIES—CLASSIFICATION—"COLLECTION OF ANTIQUITIES."

A single oriental rug of the sixteenth century, bought in Paris, France, at nearly the same time with one other antique rug and 3 articles of antique tapestries and 4 other oriental rugs purchased in Constantinople by the same purchaser, for the purpose of being added to a collection of old furniture, bric-a-brac, etc., in the private house of the owner in New York, although not imported in the same vessel as the other articles, is duty free under the tariff act of March 3, 1883, (paragraph 669 of the free list.)

At Law.

Application, under section 15, Act June 10, 1890, by the collector of the port of New York for a review by the United States circuit court of the decision of the board of United States general appraisers, reversing the decision of the said collector as to the rate and amount of duties upon certain merchandise imported by R. J. Godwin & Sons, from Liverpool, August 14, 1890. The merchandise was invoiced from Paris, France, as one Persian rug of the sixteenth century, valued at 22,000 francs, and was classified by the collector for duty as "wool rug," at 40 per cent. ad valorem, under the provision of paragraph 378, Tariff Ind. (New Ed.) of the Tariff of March 3, 1883. The importer protested, claiming that it was duty free under paragraph 669 of free list of the

same tariff, providing for "cabinets of coins, medals, and all other collections of antiquities;" and the board of United States general appraisers, after taking evidence in the matter in behalf of the importer, reversed the decision of the collector, holding that, with the proof before them, the rüg was entitled to free entry as a single article, intended to be added to an already existing collection, and also that it was part of the collection originally purchased, and therefore came strictly within the provision of Tariff Ind. par. 669. Further evidence was also taken before one of the general appraisers as an officer of the court, pursuant to section 15 of the act of June 10, 1890, and upon the return of the board of United States general appraisers, and all the evidence taken, the matter came up for review in the circuit court. The proof showed that the rug was bought in the city of Paris by the purchaser, a gentleman from New York, who owned a house in the latter city, in which he had collected numerous articles of old furniture, tapestries, bric-a-brac, etc.; that the rug was at least as old as the sixteenth century; that one other antique rug was bought by the purchaser at the same place at about the same time; that he also purchased three pieces of antique tapestries from another dealer in Paris, and, at about the same period, four oriental rugs in Constantinople; that he intended that the rug in question should be shipped with the tapestries, but by some mistake this was not done; that all these nine articles were bought by him in Europe, to be added to his collection in his house at New York; that the rug was hung up in his hall, and was not used upon the floor, and its chief value was in its antiquity.

*Edward Mitchell*, U. S. Atty., and *Henry C. Platt* and *James T. Van Rensselaer*, Asst. U. S. Attys., for collector.

*J. L. Stackpole*, for importer.

LACOMBE, Circuit Judge. I am unable to assent to the proposition that a single antiquity, although intended to be added to an existing collection of antiquities already here, may be admitted free under paragraph 669 of the act of 1883. It appears here, however, that it has only been an accident which has separated the rug now in controversy from the other six or eight antiquities with which it was united when in the hands of the owner on the other side. Therefore, though it is perhaps somewhat straining the language of the statute in the interests of art, I shall affirm the decision of the appraisers, holding that this rug is to be treated the same as if the eight pieces came in together, and that it may, within the language of the act, be considered a collection of antiquities.

The decision of the general appraisers is affirmed.